**Eric HAGUE, Plaintiff–Appellant,**

v.

**Adam GARCIA, et al., Defendants–Appellees.**

No. 08–15661.

United States Court of Appeals, Ninth Circuit.

Submitted June 3, 2009.*

Filed June 16, 2009.

Jeffrey A. Dickerson, Law Office of Jeffrey A. Dickerson, Reno, NV, for Plaintiff–Appellant.

Frank H. Roberts, Assistant General Counsel, University of Nevada, Reno, NV, for Defendants–Appellees.

Before: RAWLINSON and BYBEE, Circuit Judges, and BURNS,** District Judge.

MEMORANDUM ***

The parties are familiar with the facts of this case, so we do not repeat them here.

Eric Hague appeals the district court's grant of summary judgment in the Defendants' favor on his claims under 42 U.S.C. § 1983. He maintains that questioning and refusing to obey orders from his superiors amounted to protected speech because it touched on a matter of public concern. The district court rejected that argument, and we affirm.

The content, form, and context of Hague's speech is critical to the analysis of his First Amendment claim. *Coszalter v. City of Salem,* 320 F.3d 968, 973 (9th Cir.2003). Here, those factors cut sharply

---

* The panel unanimously found this case suitable for decision without oral argument.

** The Honorable Larry Alan Burns, United States District Court for the Southern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

against Hague, who spoke as a disgruntled employee rather than a concerned citizen, and whose manifest intent was to challenge his job description rather than critique policy or bring an injustice into the public's view. Generally speaking, speech is not of public concern if it merely communicates a personnel dispute or grievance, and if it is not relevant to the public's evaluation of government. *Id.* "Underlying our cases has been the premise that while the First Amendment invests public employees with certain rights, it does not empower them to constitutionalize the employee grievance." *Garcetti v. Ceballos,* 547 U.S. 410, 420, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006). Hague was repeatedly admonished that the bulk of his time should be spent safeguarding University students, faculty, staff, and property, not policing outside traffic. He does not have a First Amendment right to communicate his disagreement with that policy through disobedience.

**AFFIRMED.**